STATE OF NORTH CAROLINA v. MIKE MILLER

No. COA10-911

(Filed 1 February 2011)

**1. Jurisdiction— subject matter—district court—satellite-based monitoring order**

The district court lacked subject matter jurisdiction to order defendant to enroll in lifetime satellite-based monitoring because N.C.G.S. § 14-208.40B(b) requires that hearings pursuant thereto be held in superior court for the county in which the offender resides.

**2. Jurisdiction— subject matter—superior court—satellite-based monitoring**

The superior court lacked subject matter jurisdiction to order defendant to enroll in lifetime satellite-based monitoring (SBM). Because the district court's order purporting to order defendant to enroll in SBM was from a civil proceeding, the superior court lacked subject matter jurisdiction to hear defendant's appeal from it.

**3. Constitutional Law— ex post facto prohibition—double jeopardy prohibition—satellite-based monitoring—civil regulatory scheme**

Defendant's argument that satellite-based monitoring (SBM) violates the ex post facto and double jeopardy prohibitions of the United States and North Carolina constitutions was overruled. The Court of Appeals was bound by the North Carolina Supreme Court's decision in State v. Bowditch, 364 N.C. 335, holding that the SBM program is a civil regulatory scheme that does not implicate constitutional protections against either ex post facto laws or double jeopardy.

**4. Constitutional Law— effective assistance of counsel— argument not addressed**

The Court of Appeals did not address defendant's argument that he received ineffective assistance of counsel (IAC) in a satellite-based monitoring (SBM) hearing because the Court vacated both orders imposing SBM on defendant and IAC claims are not available in civil appeals such as from an SBM eligibility hearing.

On writ of *certiorari* by Defendant from order entered 18 March 2010 by Judge Theodore S. Royster, Jr., in Rowan County Superior Court. Heard in the Court of Appeals 13 January 2011.

*Attorney General Roy Cooper, by Assistant Attorney General Lisa Y. Harper, for the State.*

*Daniel M. Blau for Defendant.*

STEPHENS, Judge.

In November 2006, Defendant Mike Miller was convicted of one count of misdemeanor attempted sexual battery in Rowan County District Court. The district court sentenced Defendant to one hundred twenty days in prison, suspended the sentence, and placed Defendant on supervised probation for twenty-four months, with a special condition that he serve thirty days in jail. The district court also ordered Defendant to register as a sex offender and comply with the North Carolina Division of Community Corrections Sex Offender Control Program. The program required Defendant to participate in various evaluation and treatment programs, have no unsupervised contact with minor children, not possess any pornography or consume drugs or alcohol, and submit to warrantless searches.

On 15 September 2009, the district court held a hearing in response to allegations that Defendant had violated terms of his probation. After finding that Defendant had committed certain violations, the district court activated Defendant's one-hundred-twenty-day sentence. Defendant did not appeal from this order. Immediately following the probation revocation hearing, the district court held a hearing pursuant to N.C. Gen. Stat. § 14-208.40B to determine Defendant's eligibility for satellite-based monitoring ("SBM"). On the same day, the district court entered an order finding that Defendant was a recidivist who must enroll in lifetime SBM. Defendant appealed to superior court.

On 18 March 2010, following a *de novo* hearing on the matter, the superior court entered an order finding that Defendant was a recidivist and ordering him to enroll in lifetime SBM. On 25 June 2010, Defendant filed a petition for writ of *certiorari*; by order of 13 July 2010, this Court dismissed Defendant's petition without prejudice to his right to re-file after first filing a record on appeal. On 2 August 2010, Defendant filed a record on appeal and re-filed his petition for writ of *certiorari*. We allow Defendant's petition and address his arguments here.

In his petition, Defendant brings forward four arguments: that (I) the district court lacked subject matter jurisdiction to order him to enroll in lifetime SBM; (II) the superior court lacked subject matter jurisdiction when it ordered him to enroll in SBM; (III) the SBM program violates constitutional prohibitions on *ex post facto* laws and double jeopardy; and (IV) he received ineffective assistance of counsel at the SBM hearings. As discussed below, we vacate the district and superior court orders requiring Defendant to enroll in lifetime SBM.

*I*

**[1]** Defendant first argues that the district court lacked subject matter jurisdiction to order him to enroll in lifetime SBM. We agree.

Defendant did not raise this issue below; however, issues of subject matter jurisdiction may be raised at any time. *Ales v. T.A. Loving Co.*, 163 N.C. App. 350, 352, 593 S.E.2d 453, 455 (2004). As the State concedes, N.C. Gen. Stat. § 14-208.40B(b) requires that hearings pursuant thereto be held "in superior court for the county in which the offender resides." N.C. Gen. Stat. § 14-208.40B(b) (2009). Thus, the district court lacked subject matter jurisdiction to conduct a hearing on Defendant's eligibility for enrollment in lifetime SBM. "When the record shows a lack of jurisdiction in the lower court, the appropriate action on the part of the appellate court is to arrest judgment or vacate any order entered without authority." *State v. Felmet*, 302 N.C. 173, 176, 273 S.E.2d 708, 711 (1981). Thus, we vacate the district court's 15 September 2009 order.

*II*

**[2]** Defendant also argues that the superior court lacked subject matter jurisdiction when it ordered him to enroll in SBM. We agree.

As Defendant contends and the State again concedes, the superior court lacked subject matter jurisdiction when it ordered him to enroll

in SBM. SBM is a civil regulatory scheme, *State v. Bare,* —— N.C. App. ——, ——, 677 S.E.2d 518, 524 (2009), *disc. review denied,* —— N.C. ——, —— S.E.2d —— (2010), and hearings on SBM eligibility are civil proceedings. *State v. Singleton,* —— N.C. App. ——, ——, 689 S.E.2d 562, 565, *disc. review allowed,* 364 N.C. 131, 696 S.E.2d 697, *disc. review improvidently allowed,* —— N.C. ——, —— S.E.2d —— (2010). An appeal from a final judgment in a civil action in district court lies in this Court, rather than in the superior court. N.C. Gen. Stat. § 7A-27(c) (2009). Because the district court's 15 September 2009 order purporting to order Defendant to enroll in SBM was from a civil proceeding, the superior court lacked subject matter jurisdiction to hear Defendant's appeal from it. Where a case reaches superior court through improper channels, the superior court proceedings must be vacated. *State v. Guffey,* 283 N.C. 94, 96-97, 194 S.E.2d 827, 829 (1973). We thus vacate the superior court's 18 March 2010 order.

### III

**[3]** Defendant also argues that SBM violates the *ex post facto* and double jeopardy prohibitions of the United States and North Carolina constitutions. We disagree.

Defendant acknowledges that the North Carolina Supreme Court has previously held that the SBM program is a civil regulatory scheme that does not implicate constitutional protections against either *ex post facto* laws or double jeopardy, *State v. Bowditch,* 364 N.C. 335, S.E.2d (2010), but asks that this Court reconsider the issue. However, we are bound by the decisions of our Supreme Court. *See Dunn v. Pate,* 334 N.C. 115, 118, 431 S.E.2d 178, 180 (1993).

### IV

**[4]** Defendant next argues that he received ineffective assistance of counsel ("IAC") to the extent his counsel at the SBM hearings failed to preserve the issue of double jeopardy for appeal. Because we have vacated both the district and superior court orders, we need not address Defendant's contentions on this point. However, we do note in passing that IAC claims are not available in civil appeals such as that from an SBM eligibility hearing. *See State v. Wagoner,* —— N.C. App. ——, 683 S.E.2d 391 (2009).

Vacated.

Judges GEER and THIGPEN concur.