STATE OF NORTH CAROLINA v. BEN EARL PELL·

No. COA10-415

(Filed 19 April 2011)

**1. Sexual Offenders— registration as sex offender—language of statute not unconstitutionally vague**

Defendant's argument that the trial court erred in a secret peeping case by requiring him to register as a sex offender was overruled. The language of the applicable statute, N.C.G.S. § 14-202(l), was not unconstitutionally vague.

**2. Sexual Offenders— registration as sex offender—no competent evidence defendant a danger to community**

The trial court erred in a secret peeping case by requiring defendant to register as a sex offender. There was no competent evidence to support a finding that defendant was a danger to the community, or that his registration would further the purposes of N.C.G.S. § 14-208.5.

Appeal by Defendant from judgment entered 11 September 2009 by Judge Thomas H. Lock in Johnston County Superior Court. Heard in the Court of Appeals 28 September 2010.

*Attorney General Roy Cooper, by Assistant Attorney General J. Joy Strickland, for the State.*

*Narron, O'Hale & Whittington, P.A. by John P. O'Hale; Woodruff, Reece & Fortner by Mary McCullers Reece and Michael J. Reece, for Defendant.*

BEASLEY, Judge.

Ben Earl Pell (Defendant) was indicted on sixteen counts of felony secret peeping. Defendant entered into a plea bargain with the State, and as part of his sentence was ordered to maintain registration on the North Carolina Sex Offender and Public Protection Registry. From this portion of his sentence, Defendant now appeals. For the reasons stated below, we reverse the trial court's order.

On 21 July, 5 August, and 8 September 2008, Defendant was indicted on sixteen counts of felony secret peeping under N.C. Gen. Stat. § 14-202(d). On 5 August 2009, Defendant entered into an agreement with the State whereby he pled guilty to eight of the counts, and

the other eight counts were dismissed. On 3 September 2009, at the sentencing hearing, the Honorable Thomas H. Lock imposed two consecutive sentences of six to eight months imprisonment, suspended the sentences and placed Defendant on supervised probation for a period of five years. As a condition of his probation, Defendant was ordered to maintain registration on the North Carolina Sex Offender and Public Protection Registry. On 11 September 2009, Defendant filed notice of appeal. On appeal, Defendant argues that: (I) the trial court erred in requiring him to register as a sex offender because the language in N.C. Gen. Stat. 14-202(1) was unconstitutionally vague; and (II) the trial court erred in requiring him to register as a sex offender where there was no competent evidence that he was a "danger to the community," or that his conviction would further the purposes of N.C. Gen. Stat. § 14-208.5.

As a preliminary matter, we address Defendant's grounds for appellate review. In *State v. White*, our Court held that the sex offender registration requirement provided in Article 27A was a non-punitive civil regulatory scheme. 162 N.C. App. 183, 193, 590 S.E.2d 448, 455 (2004). Therefore, an appeal from a sentence requiring a defendant to register as a sex offender is controlled by civil procedure. *See State v. Brooks*, —— N.C. App. ——, ——, 693 S.E.2d 204, 206 (2010) (holding that because a satellite-based monitoring hearing is not a criminal proceeding, notice of appeal must be given as is proper in a civil action); *see also State v. Bare*, 197 N.C. App. 461, 467, 677 S.E.2d 518, 524 (holding that the satellite-based monitoring provisions of Article 27A are to be considered "part of the same regulatory scheme as the registration provisions under the same article."), *disc. review denied*, —— N.C. App. ——, 702 S.E.2d 492 (2009).

It is well established that a criminal defendant may appeal as a matter of right to the Court of Appeals "[f]rom any final judgment of a superior court" other than those based on a guilty plea, a plea of nolo contendere, or cases in which a defendant is convicted of first degree murder and receives a sentence of death. N.C. Gen. Stat. § 7A-27 (a)-(b) (2009). In this case, Defendant specifically appeals from the portion of his sentence requiring him to register as a sex offender. While a defendant is entitled to appeal from a guilty plea in limited circumstances, *see* N.C. Gen. Stat. § 15A-1444(a2) (2009), Defendant's appeal does not arise from the underlying convictions, therefore these limitations are inapplicable to the current action. Accordingly, Defendant's appeal is properly before this Court for appellate review.

I.

**[1]** Defendant first argues that the trial court erroneously required him to register as a sex offender because the applicable statute was unconstitutionally vague. Specifically, Defendant tends to argue that the language of N.C. Gen. Stat. § 14-202(l) is unconstitutionally vague because it does not define "danger to the community." We disagree.

"Under a challenge for vagueness, the Supreme Court has held that a statute is unconstitutionally vague if it either: (1) fails to 'give the person of ordinary intelligence a reasonable opportunity to know what is prohibited'; or (2) fails to 'provide explicit standards for those who apply [the law].' " *State v. Green*, 348 N.C. 588, 597, 502 S.E.2d 819, 824 (1998) (quoting *Grayned v. City of Rockford*, 408 U.S. 104, 108, 33 L. Ed. 2d 222, 227 (1972)). However, "[s]tatutory language should not be declared void for vagueness unless it is not susceptible to reasonable understanding and interpretation. Mere differences of opinion as to a statute's applicability do not render it unconstitutionally vague." *Rhyne v. K-Mart Corp.*, 358 N.C. 160, 187, 594 S.E.2d 1, 19 (2004) (internal citations and quotations omitted). "We [must] apply the rules of statutory interpretation to discern the meaning of [N.C. Gen. Stat. § 14-202(1)]." *State v. McCravey*, —— N.C. App. ——, ——, 692 S.E.2d 409, 418, *disc. review denied*, —— N.C. App. ——, 702 S.E.2d 506 (2010).

The interpretation of a statute is governed by the central principle that the intention of the legislature is controlling. *State v. Hart*, 287 N.C. 76, 80, 213 S.E.2d 291, 294 (1975). "Where the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must give it its plain and definite meaning, and are without power to interpolate, or superimpose, provisions and limitations not contained therein." *State v. Camp*, 286 N.C. 148, 152, 209 S.E.2d 754, 756 (1974) (internal quotation marks omitted). However, "[i]f a statute is unclear or ambiguous . . . courts must resort to statutory construction to determine legislative will and the evil the legislature intended the statute to suppress." *State v. Jackson*, 353 N.C. 495, 501, 546 S.E.2d 570, 574 (2001). Our Court will determine the will of the legislature by:

> appropriate means and *indicia*, such as the purposes appearing from the statute taken as a whole, the phraseology, the words ordinary or technical, the law as it prevailed before the statute, the mischief to be remedied, the remedy, the end to be accomplished, statutes in *pari materia*, the preamble, the title, and

other like means[.] Other *indicia* considered by this Court in determining legislative intent are the legislative history of an act and the circumstances surrounding its adoption, earlier statutes on the same subject, the common law as it was understood at the time of the enactment of the statute, and previous interpretations of the same or similar statutes.

*In re Banks*, 295 N.C. 236, 239-40, 244 S.E.2d 386, 389 (1978) (internal citations and quotations marks omitted). The statute requiring Defendant to register as a sex offender is not unconstitutionally vague.

Defendant pled guilty to eight counts of the offense of felony secret peeping as prohibited by N.C. Gen. Stat. § 14-202(d) (2009). N.C. Gen. Stat. § 14-202(l) provides that:

When a person violates subsection (d) . . . of this section . . . the sentencing court shall consider whether the person is a danger to the community and whether requiring the person to register as a sex offender pursuant to Article 27A of this Chapter would further the purposes of that Article as stated in G.S. 14-208.5. If the sentencing court rules that the person is a danger to the community and that the person shall register, then an order shall be entered requiring the person to register.

N.C. Gen. Stat. § 14-202(l) (2009). The statute authorizes sex offender registration if the trial court first determines that: (1) the defendant is a "danger to the community;" and (2) the defendant's registration would further the purpose of the Article as stated in N.C. Gen. Stat. § 14-208.5 (2009).

The phrase "danger to the community" is not defined by statute and is arguably ambiguous. Therefore, we must turn to statutory construction to determine the will of the legislature. Our General Assembly has recognized that because "sex offenders often pose a high risk of engaging in sex offenses even after being released from incarceration or commitment[,] . . . protection of the public from sex offenders is of paramount governmental interest." N.C. Gen. Stat. § 14-208.5. "[T]he twin aims' of the registration program [are] . . . 'public safety and protection." *State v. Abshire*, 363 N.C. 322, 330, 677 S.E.2d 444, 450 (2009) (internal quotation marks omitted). When examining the purposes of the sex offender registration statute, it is clear that "danger to the community" refers to those sex offenders who pose a risk of engaging in sex offenses following release from incarceration or commitment.

The General Assembly also notes that the efforts of law enforcement officials to protect the community from offenders who commit sexual offenses could be impaired from a lack of information about prior sex offenders who live within their jurisdictions. N.C. Gen. Stat. § 14-208.5. Accordingly, it is the purpose of the sex offender registration program to

> assist law enforcement agencies' efforts to protect communities by requiring persons who are convicted of sex offenses or of certain other offenses committed against minors to register with law enforcement agencies, to require the exchange of relevant information about those offenders among law enforcement agencies, and to authorize the access to necessary and relevant information about those offenders to others as provided in this Article.

*Id.* The purposes of the sex offender registration are furthered when a defendant's registration would assist law enforcement officials with monitoring potential recidivists.

Though there is no North Carolina authority providing the appropriate standard of review by which we are to analyze the trial court's "danger to the community" determination, we find guidance in a similar satellite-based monitoring case. In *State v. Kilby*, our Court was tasked with determining whether the trial court correctly found that a defendant required the "highest possible level of supervision and monitoring" with regards to satellite-based monitoring. 198 N.C. App. 363, 366, 679 S.E.2d 430, 432 (2009). We held that whether an offender requires the "highest possible level of supervision and monitoring" was not clearly a question of fact or a conclusion of law. *Id.* While a conclusion of law typically requires the application of legal principles to the facts, the statute only provided for the review of factual information for a trial court to determine whether a defendant required the "highest possible level of supervision and monitoring." *Id.* at 366-67, 679 S.E.2d at 432. Accordingly, this Court held that " 'we [will] review the trial court's findings of fact to determine whether they are supported by competent record evidence, and we review the trial court's conclusions of law for legal accuracy and to ensure that those conclusions reflect a correct application of law to the facts found.' " *Id.* at 367, 679 S.E.2d at 432.

Here, the trial court was required to determine whether Defendant was a "danger to the community." Similar to *Kilby*, N.C. Gen. Stat. § 14-202(l) (2009) provides no legal principles defining "danger to the community." Whether a trial court finds that a defend-

ant poses a risk of engaging in sex offenses following release from incarceration will be based upon a review of the surrounding factual circumstances. Accordingly, this Court will review the trial court's findings to ensure that they are supported by competent evidence, and we review the conclusions of law to ensure that they reflect a correct application of law to the facts. *Id.*

II.

**[2]** Defendant next argues that the trial court erred in requiring him to register as a sex offender because there was no competent evidence to support a finding that he was a danger to the community, or that his registration would further the purposes of N.C. Gen. Stat. § 14-208.5. We agree.

In this case, the trial court erroneously found that Defendant was a "danger to the community." In *Kilby*, our Court held that the trial court's finding that a moderate risk assessment from the Department of Correction, and that the defendant was cooperating with post-release supervision, are insufficient to support a conclusion that an offender required the "highest possible level of supervision and monitoring." *Id.* at 370, 692 S.E.2d at 434. The applicable satellite-based monitoring statute actually required the trial court to consider a Department of Correction risk assessment before concluding that a defendant required "the highest possible level of supervision and monitoring." N.C. Gen. Stat. § 14-208.40B(c) (2009). While distinguishable, our holding in *Kilby* offers guidance in the present action.

The record evidence does not support the trial court's finding that Defendant is a "danger to the community." As previously discussed, an examination of legislative intent reveals that "danger to the community" only refers to those defendants who pose a risk of engaging in sex offenses following their release from incarceration. Following the administration of several evaluation procedures, the State's expert witness determined that Defendant represented a low to moderate risk of re-offending. Later at Defendant's sentencing hearing, the State's expert acknowledged that the likelihood of Defendant's re-offending may be even lower after considering a revised risk assessment scale. The trial court also reviewed letters submitted by Defendant's psychiatrist and counselor. Defendant's witnesses opined that Defendant's prior diagnoses of major depression, alcohol abuse, and paraphilia were in remission. This evidence does not support the trial court's conclusion that Defendant represented a "danger to the community."

IN RE D.M.

[211 N.C. App. 382 (2011)]

Citing statements made by several of Defendant's victims, the State argues that the record evidence supports a conclusion that Defendant represents a "danger to the community." Victims of a crime are permitted to "offer admissible evidence of the impact of the crime" to be considered during sentencing. N.C. Gen. Stat. § 15A-833 (2009). However, the victims' statements all tended to address the manner in which Defendant committed his past offenses and the effect his actions had on each of their lives. This evidence offered very little in the way of predictive statements concerning Defendant's likelihood of recidivism. Accordingly, the victim impact statements in this case are insufficient to support the trial court's finding that Defendant represented a "danger to the community."

While the language of N.C. Gen. Stat. § 14-202(l) was not so vague as to render it unconstitutional, the record evidence does not support the trial court's conclusion that Defendant represented a danger to the community. Accordingly, we reverse the trial court order requiring Defendant to register as a sex offender.

Reversed and remanded.

Judges McGEE and HUNTER, JR. concur.