STATE v. THOMAS

[225 N.C. App. 631 (2013)]

STATE OF NORTH CAROLINA
v.
FRANKLIN ROOSEVELT THOMAS, SR.

No. COA12-667

Filed 19 February 2013

**1. Satellite-Based Monitoring—highest possible level of supervision—low risk for offending—additional findings not supported**

The trial court erred in a satellite-based monitoring case by determining that defendant required the highest possible level of supervision and monitoring upon his release from prison for a sexual offense. The STATIC-99 risk assessment classified him as a low risk for reoffending and the trial court's additional findings were not supported by the evidence.

**2. Satellite-Based Monitoring—indecent liberties—offense against a minor—sexually violent offense**

The trial court erred in a satellite-based monitoring (SBM) case by concluding that defendant had committed an "offense against a minor" as defined by statute, thus subjecting him to SBM. Taking indecent liberties is not an offense against a minor; however, it is a sexually violent offense under N.C.G.S. § 14-208.6(5), and is therefore grounds for imposition of SBM, assuming all other requirements are met.

Appeal by defendant from order entered 14 February 2012 by Judge Forrest D. Bridges in Mecklenburg County Superior Court. Heard in the Court of Appeals 9 January 2013.

*Roy Cooper, Attorney General, by Joseph Finarelli, Special Deputy Attorney General, for the State.*

*Staples S. Hughes, Appellate Defender, by Andrew DeSimone, Assistant Appellate Defender, for defendant-appellant.*

STEELMAN, Judge.

Where the trial court's order for satellite-based monitoring (SBM) of defendant was based upon improper findings of fact, this matter is remanded for a new SBM hearing.

**STATE v. THOMAS**

[225 N.C. App. 631 (2013)]

## I.  Factual and Procedural History

Franklin Roosevelt Thomas, Sr., (defendant) was either dating or married to the mother of A.B., age 11 at the time of trial. A.B. disclosed that defendant had "touch[ed] her inappropriately." Defendant was indicted on two counts of taking indecent liberties with a child. Pursuant to a plea agreement, defendant pled guilty to one count of indecent liberties. The trial court sentenced defendant to an active term of imprisonment of 16 to 20 months.

The trial court then conducted a hearing pursuant to N.C. Gen. Stat. § 14-208.40A for purposes of determining whether post-release satellite-based monitoring (SBM) was appropriate. The trial court found that defendant had been convicted of an offense against a minor and a sexually violent offense. The trial court found that defendant had not been classified as a sexually violent predator, was not a recidivist, and that the conviction offense was not an aggravated offense.

Prior to the hearing, a STATIC-99 risk assessment had been performed. Defendant received negative three points for being sixty years of age or older. He received one point for having a 1963 assault conviction, one point for having a 1968 conviction for "RAPE MISD" in another state, and one point for having four or more prior sentencing dates. The total points on the STATIC-99 risk assessment was zero, indicating a low risk of reoffending.

The trial court made "additional findings" that A.B. was traumatized, that defendant took advantage of a position of trust, and that defendant had a prior record for a sex offense. The court stated that these factors "create some concern for the court on the likelihood of ·recidivism." The trial court concluded that defendant required the highest possible level of supervision·and monitoring, and ordered that defendant enroll in SBM for 10 years following his release from prison.

Defendant appeals.

## II.  Standard of Review

In reviewing a trial judge's findings of fact, we are "strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law."

*State v. Williams*, 362 N.C. 628, 632, 669 S.E.2d 290, 294 (2008) (quoting *State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982)).

> [O]ur review requires us to consider whether evidence was presented which could support findings of fact leading to a conclusion that "the defendant requires the highest possible level of supervision and monitoring." N.C. Gen.Stat. § 14–208.40B(c). If "the State presented no evidence which would tend to support a determination of a higher level of risk than the "moderate" rating assigned by the DOC[,]" then the order requiring defendant to enroll in SBM should be reversed. *Kilby*, ___ N.C. App. at ___, 679 S.E.2d at 434. However, if evidence supporting the trial court's determination of a higher level of risk is "presented, it [is] . . . proper to remand this case to the trial court to consider the evidence and make additional findings [.]" *Id.*

*State v. Morrow*, 200 N.C. App. 123, 132, 683 S.E.2d 754, 761 (2009), *aff'd per curiam*, 364 N.C. 424, 700 S.E.2d 224 (2010).

### III. Consideration of Factors at SBM Hearing

In his first argument on appeal, defendant contends that the trial court erred in determining that he required the highest possible level of supervision and monitoring upon his release from prison when the STATIC-99 risk assessment classified him as a low risk for reoffending, and that the trial court's "additional findings" were not supported by the evidence. We agree.

The North Carolina Department of Correction adopted the STATIC-99 to assess risk of reoffending among sex offenders. The STATIC-99 is an "actuarial instrument designed to estimate the probability of sexual and violent recidivism among male offenders who have already been convicted of at least one sexual offense against a child or non-consenting adult." *Id.* at 125 n.3, 683 S.E.2d at 757 n.3.

In the instant case, the STATIC-99 showed a total score of zero, indicating a low risk of reoffending. We have held that where an offender is determined to pose only a low or moderate risk of reoffending, the State must present additional evidence to support a determination that the offender requires the highest possible level of supervision and monitoring. *Id.* at 132, 683 S.E.2d at 761. These additional findings must be supported by "competent record evidence[,]"

*State v. Jarvis*, ___ N.C. App. ___, ___, 715 S.E.2d 252, 259 (2011), and must support the trial court's ultimate conclusion of law.

In the instant case, the trial court made an additional finding of fact that "[A.B.] is suffering significant emotional trauma[.]" This finding was based solely on unsworn statements of [A.B.]'s mother. In its brief, the State conceded that "the statements of A.B.'s mother at the time Defendant was sentenced were not themselves competent evidence. A.B.'s mother did not testify under oath and the trial court did not give Defendant . . . the opportunity to cross-examine [her]."

Because these unsworn statements were neither stipulated nor assented to by defendant, this evidence was not sufficient to support the trial court's finding. *See State v. Green*, ___ N.C. App. ___, ___, 710 S.E.2d 292, 296 (2011).

The trial court also found that defendant had "a prior record although extremely old of another sex offense." However, the STATIC-99 assessment had already taken into account defendant's prior offense. The purpose of allowing the trial court to make additional findings is to permit the trial court to consider factors not part of the STATIC-99 assessment. In *Morrow*, we held that, where an offender is determined to pose only a low or moderate risk of reoffending, the State must offer additional evidence, and the trial court make additional findings, in order to justify a maximum SBM sentence. *See Morrow*, 200 N.C. App. at 132, 683 S.E.2d at 761; *Jarvis*, ___ N.C. App. at ___, 715 S.E.2d at 259. To allow these "additional findings" to include matters already addressed in the STATIC-99 assessment would obviate the utility of the assessment. We hold that these "additional findings" cannot be based upon factors explicitly considered in the STATIC-99 assessment.

The trial court further found that the "reccurrance [sic] of this Defendant's sexual [sic] deviant [sic] behavior, many years after the prior conviction and the present age of Defendant create some concern for the court on the likelihood of recidivism." The STATIC-99 took defendant's age into account, and the assessment determined that defendant's age reduced the likelihood of recidivism. Since this factor had already been considered in the STATIC-99 assessment, it could not constitute an "additional finding."

The trial court considered improper factors in making its determination that defendant required the highest possible level of supervision. Nonetheless, the State did present evidence which could tend to support a determination of a higher level of risk. The SBM order is

therefore vacated and this matter is remanded to the trial court for a new SBM hearing.

### IV. "Offense Against a Minor"

**[2]** In his second argument, defendant contends that the trial court erred in concluding that he had committed an "offense against a minor" as defined by statute, thus subjecting him to SBM. We agree.

A person cannot be subjected to SBM unless that person has a "reportable conviction." N.C. Gen. Stat. § 14-208.40A(a) (2011); N.C. Gen. Stat. § 14-208.40B(a). A reportable conviction can be "a final conviction for an offense against a minor." N.C. Gen. Stat. § 14-208.6(4)(a). An "offense against a minor" is defined as:

> any of the following offenses if the offense is committed against a minor, and the person committing the offense is not the minor's parent: G.S. 14-39 (kidnapping), G.S. 14-41 (abduction of children), and G.S. 14-43.3 (felonious restraint). The term also includes the following if the person convicted of the following is not the minor's parent: a solicitation or conspiracy to commit any of these offenses; aiding and abetting any of these offenses.

N.C. Gen. Stat. § 14-208.6(1m).

In the instant case, the trial court found that defendant had been convicted of an "offense against a minor under G.S. 14-208.6(1m)." Defendant was not convicted of kidnapping, child abduction, or felonious restraint, and thus did not commit an offense against a minor as set forth in N.C. Gen. Stat. § 14-208.6(1m). The State concedes that the trial court erred in concluding that defendant's conviction for taking indecent liberties was an offense against a minor.

We note, however, that an offense against a minor is not the only basis for a reportable conviction. A "sexually violent offense" is likewise a reportable conviction. N.C. Gen. Stat. § 14-208.6(4)(a). Taking indecent liberties with a child is a sexually violent offense under the statute, N.C. Gen. Stat. § 14-208.6(5), and is therefore grounds for imposition of SBM, assuming all other requirements are met. Upon remand, the trial court may not hold that defendant's conviction was an offense against a minor.

VACATED AND REMANDED.

Judges STEPHENS and McCULLOUGH concur.