CALABRIA, Judge.
Where the evidence that defendant sought to suppress was available from another source, any error in denying defendant's motion to suppress was harmless. Where defendant failed to preserve constitutional objections to satellite-based monitoring ("SBM"), they will not be considered for the first time on appeal. A claim for ineffective assistance of counsel is not available on appeal from a civil proceeding, such as an SBM hearing. We find no prejudicial error in part, and dismiss defendant's appeal in part.
I. Factual and Procedural Background
B.W. was 14 years old when she ran away from home. It was not the first time that she had done so. She met Talib Ali Muhammad ("defendant"), and stayed with him between 10 July 2013 and 9 October 2013. "[S]omewhere around her 15[th] birthday on July 10, 2013[,]" defendant raped her for the first time. Defendant woke her, and threatened her with a gun if she refused to have sex with him. This continued for several months. B.W. remained at defendant's house out of fear that "he would kill and rape her grandmother if she left." As a result of a missing person report filed by her grandmother, B.W. was ultimately found and interviewed by a law enforcement officer. B.W. was then examined by a sexual assault nurse examiner ("SANE"), who took several swabs from B.W., and noticed a vaginal injury, as well as injuries to B.W.'s neck.
Defendant was indicted by the Mecklenburg County Grand Jury for two counts of statutory rape of a person thirteen, fourteen, or fifteen years old, and one count of second-degree kidnapping. The State voluntarily dismissed the kidnapping charge.
On 15 June 2015, defendant filed a motion to suppress. Upon his arrest, law enforcement officers swabbed defendant's cheek and penis for DNA. In his motion, defendant contended that the penile swab, conducted without warrant and without his consent, was not a lawful search incident to arrest, and was thus invalid. At a hearing, the trial court denied the motion, "leaving open the possibility of revisiting that at a later time."
The hearing proceeded, and defendant expressed an interest in a plea bargain. At that time, the State made a proffer of its evidence, noting that cheek and penile swabs were taken, and that the State was prepared to present witnesses, including a DNA analyst. Defendant then entered a guilty plea. The trial court ordered SBM and sex offender registration, and heard arguments on aggravating and mitigating factors regarding defendant's sentence, but did not explicitly hold a hearing on the reasonableness of the imposition of SBM.
The trial court entered judgment on defendant's plea as stated during the hearing. The trial court sentenced defendant to a minimum of 144 months and a maximum of 233 months for the two statutory rape offenses, in the custody of the North Carolina Department of Adult Correction. The trial court found no aggravating factors, but several mitigating factors. The court further found that the offenses charged were sexually violent offenses, that defendant was not a sexually violent predator or recidivist, that the offenses were aggravated, and that they involved the physical, mental, or sexual abuse of a minor. The trial court ordered defendant to register as a sex offender and enroll in SBM for the remainder of his natural life.
On 17 August 2015, the trial court entered a written order denying defendant's motion to suppress. This order noted that on the day of defendant's arrest, he was subject to cheek and penile swabs, which the trial court found to be incident to arrest. The trial court then concluded that defendant's Fourth Amendment right to protection against unreasonable searches was not violated.
Defendant appeals.
II. Motion to Suppress
In his first argument, defendant contends that the trial court erred in denying his motion to suppress. We disagree.
A. Standard of Review
Our review of a trial court's denial of a motion to suppress is "strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law." State v. Cooke , 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982). "The trial court's conclusions of law ... are fully reviewable on appeal." State v. Hughes , 353 N.C. 200, 208, 539 S.E.2d 625, 631 (2000).
B. Analysis
In its order in response to defendant's motion to suppress the penile swabs, the trial court found that the swabs were taken without a warrant and without defendant's consent, but held that they were nonetheless incident to arrest. On appeal, defendant contends that this was error, that the penile swabs were not a search incident to arrest, and that the trial court therefore erred in denying his motion to suppress.
Whether a penile swab is a search incident to arrest is a matter of first impression before this Court. Nonetheless, we need not address this issue at this time. According to the trial court's order, defendant was subjected to not only a penile swab, but also to a cheek swab. Defendant made no mention of the cheek swab in his motion to suppress. Further, the State made a proffer of this evidence, noting repeatedly that it had the cheek swab and that a cheek swab is a statutorily permitted search, and asserted that it had a DNA analyst prepared to testify.
We have previously held that "[a]n error is harmless beyond a reasonable doubt if it did not contribute to the defendant's conviction." State v. Ballance , 218 N.C. App. 202, 216, 720 S.E.2d 856, 866 (2012) (quoting State v. Nelson, 341 N.C. 695, 701, 462 S.E.2d 225, 228 (1995) ); see also N.C. Gen. Stat. § 15A-1443(b) (2015) ("[a] violation of the defendant's rights under the Constitution of the United States is prejudicial unless the appellate court finds that it was harmless beyond a reasonable doubt").
In the instant case, it is clear from the State's proffer of evidence that defendant's DNA evidence would have been admitted, irrespective of whether the trial court had granted defendant's motion to suppress the penile swab. As such, we hold that the trial court's error in denying defendant's motion to suppress the penile swab, if any, was harmless. We do not address whether a penile swab is a search incident to arrest.
III. Satellite-Based Monitoring
In his second argument, defendant contends that the trial court erred in failing to hold a hearing on whether the imposition of SBM was reasonable. Because this issue was not preserved by argument at trial, we dismiss it.
A. Standard of Review
On appeal from an order imposing SBM, "we review the trial court's findings of fact to determine whether they are supported by competent record evidence, and we review the trial court's conclusions of law for legal accuracy and to ensure that those conclusions reflect a correct application of law to the facts found." State v. Kilby , 198 N.C. App. 363, 367, 679 S.E.2d 430, 432 (2009) (citations and quotations omitted).
"In general, a constitutional issue may not be raised for the first time on appeal." State v. Haddock , 191 N.C. App. 474, 478-79, 664 S.E.2d 339, 343 (2008).
B. Analysis
Although defendant gave timely notice of appeal from the criminal judgment entered by the trial court, an order on SBM is a civil penalty. A written notice of appeal is required in order to invoke appellate jurisdiction of the order. State v. Brooks , 204 N.C. App. 193, 194-95, 693 S.E.2d 204, 206 (2010). Defendant did not enter timely written notice of appeal to the trial court's SBM order. Instead, defendant has petitioned this Court for writ of certiorari with respect to the untimely appeal of this issue, and in our discretion, we grant certiorari.
Defendant contends that the trial court's SBM order, lacking an inquiry into the reasonableness of SBM in the instant case, violated defendant's Fourth Amendment rights under the United States Constitution. Defendant cites a recent decision of the Supreme Court of the United States, in which the Court held that SBM "effects a Fourth Amendment search[,]" and that therefore it was necessary for the trial court to consider the reasonableness of the imposition of SBM under the circumstances. Grady v. N.C. , 575 U.S. ----, ----, 191 L.Ed. 2d 459, 462 (2015). We acknowledge that, in light of Grady , this Court has reversed orders requiring lifetime registration and enrollment in SBM, and remanded for new hearings to consider the reasonableness of SBM. See State v. Blue , --- N.C. App. ----, 783 S.E.2d 524 (2016) ; State v. Morris , --- N.C. App. ----, 783 S.E.2d 528 (2016).
Defendant's constitutional argument, whether well-founded or not, was not preserved by objection or motion at the hearing.[2] Defendant did not raise this argument below, and it may not be raised for the first time on appeal. And while we have chosen, in our discretion, to grant certiorari with respect to defendant's failure to provide written notice of appeal on the issue of SBM, that discretion does not extend to permitting defendant to raise this argument for the first time on appeal. This argument is therefore dismissed.
IV. Ineffective Assistance of Counsel
In his third argument, defendant contends that he was denied his right to effective assistance of counsel, due to counsel's failure to preserve the issue of the reasonableness of SBM for appeal. Because this issue is not appealable, we dismiss it.
A. Standard of Review
To prevail on a claim of ineffective assistance of counsel, a defendant must first show that his counsel's performance was deficient and then that counsel's deficient performance prejudiced his defense. Deficient performance may be established by showing that counsel's representation fell below an objective standard of reasonableness. Generally, to establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
State v. Allen , 360 N.C. 297, 316, 626 S.E.2d 271, 286 (citations and quotation marks omitted), cert. denied , 549 U.S. 867, 166 L.Ed. 2d 116 (2006).
B. Analysis
Defendant contends that he was prejudiced by counsel's failure to preserve the issue of SBM at the hearing below, and therefore suffered ineffective assistance of counsel ("IAC"). We acknowledge that, had this issue been preserved, we may have agreed with defendant's contentions. There is little question that the outcome was impacted by counsel's failure to object.
Nonetheless, we hold that this issue is not properly before us. As previously stated, SBM is a civil penalty. Likewise, "hearings on SBM eligibility are civil proceedings." State v. Miller , 209 N.C. App. 466, 469, 706 S.E.2d 260, 262 (2011). This Court has held that "IAC claims are not available in civil appeals such as that from an SBM eligibility hearing." Id .
The SBM proceeding, finite though it was, was a civil proceeding. It therefore could not give rise to an IAC claim. Defendant's claim for IAC is accordingly dismissed.
V. Conclusion
Because the DNA evidence defendant sought to suppress was admissible, unopposed, from another source, any error in denying the motion to suppress was rendered harmless. Although defendant correctly notes that the trial court is obligated to consider the reasonableness of SBM prior to imposing it, this matter was not preserved, and will not be considered for the first time on appeal. Similarly, defendant's claim for IAC, arising from a civil proceeding, is not available on appeal.
NO PREJUDICIAL ERROR IN PART, DISMISSED IN PART.
Report per Rule 30(e).
Judge TYSON concurs.
Judge DAVIS concurs in the result only.

We note that defendant's SBM hearing occurred after Grady was decided. Defendant could therefore have raised the Grady issue before the trial court. The record demonstrates that he did not do so.