IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-678

Filed: 7 April 2020

Catawba County, No. 17 CRS 2027-29, 50237-38

STATE OF NORTH CAROLINA

v.

DONALD EUGENE BLANKENSHIP

Appeal by defendant from judgments entered 6 December 2017 by Judge Julia Lynn Gullett in Catawba County Superior Court. Heard in the Court of Appeals 3 March 2020.

*Attorney General Joshua H. Stein, by Assistant Attorney General Yvonne B. Ricci, for the State.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Andrew DeSimone, for defendant-appellant.*

TYSON, Judge.

Donald Eugene Blankenship ("Defendant") appeals from judgments entered upon his guilty plea to five counts of indecent liberties with minor children. We affirm the trial court's order imposing ten years of satellite-based monitoring ("SBM").

We dismiss Defendant's unpreserved constitutional challenge to the reasonableness of the trial court's order on SBM. We also dismiss Defendant's ineffective assistance of counsel ("IAC") claim.

I. Background

Federal law enforcement officers located in Joplin, Missouri were investigating David Lee Perkins for filming and distributing child pornography. Perkins distributed child pornography to Defendant and corresponded via email with him concerning the minor victim depicted in the pornography. The Federal Bureau of Investigation executed a search warrant on Defendant at home and confiscated his computer. During Defendant's interview, he admitted to receiving, having, and sharing child pornography on his computer and to fondling several victims.

Defendant was indicted for five counts of taking indecent liberties with children on 1 May 2017. He pleaded guilty to those charges on 6 December 2017. The State presented a factual basis for Defendant's plea, asserting three of the sexual assault victims, both male and female children, were between the ages of six to fourteen years old. The State also identified two additional minor victims and child pornography crimes, for which Defendant was not indicted.

T.S. was six or seven years old between 1 July 2010 and 31 August 2010. T.S.' parents were friends with Defendant, and they had left T.S. alone with him on several occasions. Defendant fondled and assaulted T.S. two times by touching T.S.' penis and buttocks and had T.S. touch Defendant's penis.

V.G. was fourteen years old between 1 June 2012 and 30 June 2012. V.G. was friends with Defendant's daughter and had stayed overnight at Defendant's house.

While V.G. was staying at Defendant's house, he tried to touch "her breasts and her vaginal area."

The third victim, M.B., was eleven years old between 1 June 2012 and 30 September 2012. M.B. was also friends with Defendant's daughter and visited Defendant's house. On "numerous occasions" at Defendant's house he tried to touch M.B.'s breasts and vagina. Once M.B. had to "put[] a pillow over her [body] trying to protect herself" from Defendant's assaults.

As a part of Defendant's plea agreement on the five indecent liberties charges, the State agreed not to proceed on any charges related to the child pornography Defendant possessed or concerning assaults on the two other unindicted victims.

The State requested to be heard on the imposition of SBM. Prosecutors argued and the trial court found Defendant had committed sexually violent offenses under N.C. Gen. Stat. § 14-208.65. The State used the factual basis for the plea and the findings of the STATIC-99R, an actuarial assessment instrument, as the basis for requesting the imposition of SBM on Defendant for ten years. The STATIC-99R concluded Defendant had one point from the individual risk factors, and the Department of Corrections characterized his risk as "Average Risk."

On 6 December 2017, Judge Gullett sentenced Defendant to an active term of five consecutive sentences of 16 to 29 months. Defendant was ordered to register as a sex-offender for thirty years, and to be subject to SBM for a period of ten years

following his release from incarceration. On 5 December 2018, Judge Nathaniel J. Poovey entered an amended judgment *nunc pro tunc* modifying Defendant's sentence to five consecutive active terms of 16 to 20 months each.

Defendant petitioned for writ of certiorari. This Court allowed Defendant's petition "for the purpose of granting defendant a belated appeal from the 'Judicial Findings and Order for Sex Offenders' and criminal judgments" dated 6 December 2017. This Court's order also expressly limited the scope of Defendant's appeal from the criminal judgments "to those issues the defendant could have raised on direct appeal pursuant to N.C. Gen. Stat. [§] 15A-1444 (2017)."

## II. Jurisdiction

A defendant entering a guilty plea has no statutory right to appeal the trial court's judgment. *See* N.C. Gen. Stat. § 15A-1444(e) (2019). This Court discretionarily reviews Defendant's "Judicial Findings and Order for Sex Offenders" and criminal judgments under the terms of the writ of certiorari granted on 12 February 2019 pursuant to N.C. Gen. Stat. § 15A-1444(g).

## III. Issues

Defendant argues the trial court erred by requiring him to enroll in SBM when the Department of Corrections ("DOC") characterized his risk at the lowest level of the "Average Risk" category on the STATIC-99R form. Defendant also asserts the State had failed to establish his enrollment in SBM constituted a reasonable search

under the Fourth Amendment as required by *State v. Grady*, 372 N.C. 509, 831 S.E.2d 542 (2019). Defendant further argues he received ineffective assistance of counsel upon his trial counsel's failure to argue the constitutionality of the SBM program being applied to him.

### IV. SBM Determination

### A. Standard of Review

> [W]e review the trial court's findings of fact to determine whether they are supported by competent record evidence, and we review the trial court's conclusions of law for legal accuracy and to ensure that those conclusions reflect a correct application of law to the facts found. We [then] review the trial court's order to ensure that the determination that defendant requires the highest possible level of supervision and monitoring reflects a correct application of law to the facts found.

*State v. Kilby*, 198 N.C. App. 363, 367, 679 S.E.2d 430, 432 (2009) (citations, quotation marks and brackets in original omitted).

### B. Analysis

Defendant argues the trial court erred by requiring him to enroll in the SBM program for a period of ten years. Defendant contends the trial court's four additional findings, the DOC's "Average Risk" assessment, and the basis for the plea do not adequately support the legal conclusion requiring Defendant to enroll in SBM for ten years.

An offender may be required to enroll in SBM without a finding of a high risk by the DOC. *See State v. Morrow*, 200 N.C. App. 123, 132, 683 S.E.2d 754, 761 (2009) (declining "to adopt . . . construction of the statute that would require a DOC rating of high risk as a necessary requisite to SBM").

"[A] trial court's determination that the defendant requires the highest possible level of supervision may be adequately supported where the trial court makes additional findings regarding the need for the highest possible level of supervision and where there is competent record evidence to support those additional findings." *State v. Green*, 211 N.C. App. 599, 601, 710 S.E.2d 292, 294 (2011) (internal quotation marks omitted). In *Green*, this Court held a "trial court may properly consider evidence of the factual context of a defendant's conviction when making additional findings as to the level of supervision required of a defendant convicted of an offense involving the physical, mental, or sexual abuse of a minor." *Id.* at 603, 710 S.E.2d at 295.

Before we consider whether the trial court properly concluded Defendant requires the highest possible level of supervision, we must first determine whether the challenged additional findings are supported by competent evidence. The trial court made the following additional findings of fact: (1) Defendant "sexually assaulted multiple child victims;" (2) Defendant "sexually assaulted both male and female child

victims;" (3) "the children ranged in ages from 6 to 14;" and, (4) Defendant "took advantage of a position of trust to sexually assault his victims."

"The trial court's findings of fact are conclusive on appeal if supported by competent evidence, even if the evidence is conflicting." *State v. Brewington*, 352 N.C. 489, 498, 532 S.E.2d 496, 501 (2000) (citation omitted). Prior to the start of the SBM hearing, the trial court engaged in a plea colloquy with Defendant, in which Defendant stipulated to the State's factual basis for the plea.

In offering the factual basis to support the plea, the State provided the details of Defendant's assault on three minor victims between the ages of six to fourteen years old. The victims were both male and female. Defendant's victims were either guests in his home to visit his daughter or T.S., a six-year-old male child, whose parents had asked Defendant to care for and protect him. The unobjected to evidence, that Defendant admitted as a part of his plea bargain, provides competent evidence to support the trial court's additional findings. Defendant's pretext of providing childcare for T.S. to accommodate T.S.' parents and affording a purported safe place for female minors to visit his daughter and then committing these assaults is especially egregious.

As we have concluded the trial court's additional findings of fact one, two, three, and four are supported by competent evidence, we must next determine whether these findings, along with the "Average Risk" STATIC-99R assessment,

support the trial court's determination that Defendant "requires the highest possible level of supervision and monitoring." This Court's review of the trial court's determination is to ensure it "reflect[s] a correct application of law to the facts found." *Kilby*, 198 N.C. App. at 367, 679 S.E.2d at 432.

Relating to additional finding one, that Defendant "sexually assaulted multiple child victims," Defendant argues this finding of fact merely shows the way or manner of how he committed the offense and did not support its conclusion that Defendant posed a high risk of re-offending. Defendant argues this issue is governed by *State v. Pell*, 211 N.C. App. 376, 712 S.E.2d 189 (2011). Defendant asserts the "evidence offered very little in the way of predicative statements concerning [the] [d]efendant's likelihood of recidivism." *Id.* at 382, 712 S.E.2d at 193.

The holding in *Pell* is inapposite to the present facts. In *Pell*, the defendant was sentenced to register as a sex offender, in part, on the trial court's finding that he was a "danger to the community." *Id.* at 377, 712 S.E.2d at 190. The Court recognized that the "legislative intent reveals that 'danger to the community' only refers to those defendants who pose a risk of engaging in sex offenses following their release from incarceration." *Id.* at 381, 712 S.E.2d at 192. This Court held the State's expert witness' testimony that defendant was at a low risk of offending and the victim's impact statements addressing the impact defendant's actions had on their

lives, were insufficient evidence to support a conclusion that the defendant "represented a 'danger to the community.'" *Id.* at 381-82, 712 S.E.2d at 193.

Unlike in *Pell*, the trial court here found Defendant had "sexually assaulted multiple child victims." This finding does not merely relate to the manner of the commission of the offenses. It shows Defendant's multiple actions on multiple minor victims at multiple times rather than a single or isolated incident. The court's additional finding corresponds to and is exactly a "predictive statement concerning Defendant's likelihood of recidivism." *Id.* at 382, 712 S.E.2d at 193.

As previously discussed, the trial court may consider the context under which the crimes occurred, revealed in the factual basis for Defendant's guilty plea, when making additional findings "as to the level of supervision required of a defendant convicted of an offense involving the physical, mental, or sexual abuse of a minor." *Green,* 211 N.C. App. at 603, 710 S.E.2d at 295. Defendant stipulated to the factual basis for his plea. Defendant's crimes of sexually abusing multiple minor victims, on multiple occasions within the pretext of providing a safe environment to gain access to them supports the imposition of SBM.

Turning to additional finding two, Defendant "sexually assaulted both male and female child victims." Defendant argues this additional finding is contained in the STATIC-99R assessment and cannot also be considered as an additional finding. In support of this assertion, Defendant cites *State v. Thomas*, wherein this Court

overturned an order of SBM because "additional findings cannot be based upon factors explicitly considered in the STATIC-99 assessment." *State v. Thomas*, 225 N.C. App. 631, 634, 741 S.E.2d 384, 387 (2013).

The STATIC-99 assessment in *Thomas* included a prior conviction. *Id.* at 632, 741 S.E.2d at 386. This prior conviction was also listed as an "additional finding." *Id.* However, the finding number two in the present case is distinct from *Thomas*. The entire factor was not "explicitly considered" in Defendant's STATIC-99R. The challenged finding before us incorporates both male and female victims in Defendant's home, while only the male victims were included in the STATIC-99R's assessment. In *Thomas*, both the trial court's "additional findings" were overruled by this Court leaving no additional findings to support the SBM order. *Id.* at 635, 741 S.E.2d at 387-88. Here, additional factors to support the order of SBM are not duplicative and remain.

Defendant argues additional finding three, "[t]he children range in ages from 6 to 14" does not support a conclusion that Defendant required the highest possible level of supervision and monitoring. Again, Defendant cites *Green*, where neither of the victims were "able to advocate" for themselves. *Green*, 211 N.C. App. at 601, 710 S.E.2d at 294. However, the statement in *Green* has been read more expansively than being limited to victims so young they cannot speak. The finding goes to the general ability of the victims to advocate and report incidents and abuses. A child, who can

speak, may also not have the will, courage, or maturity to report what has happened to them. *See State v. Smith*, 240 N.C. App. 73, 76, 769 S.E.2d 838, 841 (2015) (upholding the SBM in part based upon the fact victims were very young females).

Defendant argues additional finding four, "[t]he defendant took advantage of a position of trust to sexually assault his victims" does not support the conclusion that he posed a high risk of re-offending. Defendant cites *State v. Blakeman,* wherein this Court overruled a determination to impose SBM because insufficient evidence supported the sentencing factor that the defendant was in a position of trust over the assault victim. *State v. Blakeman*, 202 N.C. App. 259, 272, 688 S.E.2d 525, 533 (2010).

In *Blakeman*, no evidence showed the victim's "mother had arranged for [the defendant] to care for [the victim] on a regular basis, or that [the defendant] had any role in [the victim's] life other than being her friend's stepfather." *Id.* at 270, 688 S.E.2d at 532.

Here, some of Defendant's minor victims were placed in Defendant's care to be watched and kept safe under the direction of the minor's parents, or were children visiting Defendant's daughter in his home. T.S. is distinguishable from the victim in *Blakeman.* The parents of T.S. had left the six-year-old child with Defendant to care for and monitor the child when he took advantage of a position of trust to assault T.S. Defendant's arguments are overruled.

## V. Reasonableness of Ten Year SBM

Defendant argues the State failed to establish his enrollment in SBM constituted a reasonable search under the Fourth Amendment as required by *Grady,* 372 N.C. 509, 831 S.E.2d 542. "[T]he State shall bear the burden of proving that the SBM program is reasonable." *State v. Blue*, 246 N.C. App. 259, 264, 783 S.E.2d 524, 527 (2016).

The transcript of Defendant's SBM hearing shows:

> [The State]: Your Honor, that would be the general presentation of the State for the factual basis and the findings that the State would like the Court to find regarding the Static-99 and the additional findings, and in particular the State would like the Court to, of course, based on the findings that it's required to regarding on the 615 Form is that this is a . . . sexually violent offense under GS 14-208.65. I don't think there's any objection to that.
>
> . . . .
>
> Number 2, the [D]efendant has not been classified as a sexually violent predator.
> Number 3, the [D]efendant is not a recidivist.
> Number 4, this conviction is not for an aggravated offense. But we do believe that under 5B, this did involve the physical, mental or sexual abuse of a minor.
> I think [Defendant's counsel] will probably stipulate to that.
>
> . . . .
>
> And our recommendation to the Court is based on what you heard and the nature and what the systematic desire for child pornography, to exploit children, that this [D]efendant should be subjected to [SBM] for ten years after he is let out of incarceration.

Defendant's counsel raised no objections or constitutional challenge in response to the State's showing and argument. Defendant further raised no objections or constitutional challenge at any point during this hearing. Defendant's counsel filed no motion, objection, or asserted any argument the SBM imposed upon Defendant was an unreasonable search.

This case mirrors *State v. Bishop*, wherein the defendant was convicted of taking indecent liberties with a child and the trial court sentenced him to SBM for a term of thirty years. *State v. Bishop*, 255 N.C. App. 767, 768, 805 S.E.2d 367, 368 (2017). The defendant did not raise any constitutional issue before the trial court, cannot raise it for the first time on appeal, and has waived this argument on appeal. *Id.* at 770, 805 S.E.2d at 370. The writ that brought this case before us for review is expressly limited "to those issues the defendant could have raised on direct appeal pursuant to N.C. Gen. Stat. 15A-1444 (2017)."

The defendant in *Bishop* requested the Court invoke Rule 2 of the North Carolina Rules of Appellate Procedure to hear his arguments and review his constitutional challenge. *Id.* This Court held the defendant was "no different from other defendants who failed to preserve their constitutional arguments in the trial court, and because he has not argued any specific facts that demonstrate manifest injustice if we decline to invoke Rule 2, we do not believe this case is an appropriate use of that extraordinary step." *Id.*

Here, in the exercise of our discretion, we decline to invoke Rule 2 to issue a further writ of certiorari to review Defendant's unasserted and unpreserved argument on appeal. Defendant's unpreserved constitutional argument challenging his enrollment in SBM is dismissed. *See State v. Spinks*, 256 N.C. App. 596, 611, 808 S.E.2d 350, 360 (2017).

## VI. Ineffective Assistance of Counsel

Defendant argues his counsel's failure to argue the constitutionality of the SBM program before the trial court consisted ineffective assistance of counsel. Our Court has held "hearings on SBM eligibility are civil proceedings." *State v. Miller*, 209 N.C. App. 466, 469, 706 S.E.2d 260, 262 (2011). This Court also held: "IAC claims are not available in civil appeals such as that form an SBM eligibility hearing." *Id.* An order for enrollment in SBM is a civil penalty. *See State v. Brooks*, 204 N.C. App. 193, 194-95, 693 S.E.2d 204, 206 (2010). Defendant's argument is dismissed.

## VII. Conclusion

Defendant's argument that the trial court had no factual basis for requiring the highest level of monitoring based upon the DOC's finding of "Average Risk" is without merit. The conclusion that he requires the highest possible level of supervision is supported by the factual basis for his plea, the State's decision not to pursue further charges, the risks identified by the STATIC-99R, and the four

additional findings of fact. The trial court properly found and determined SBM could be lawfully imposed upon Defendant.

Defendant failed to assert at trial and has waived direct appellate review of any Fourth Amendment challenge to the order requiring him to enroll in the SBM program for ten years. His argument is dismissed. We also dismiss Defendant's IAC claim on this civil issue.

We affirm the judgments entered upon Defendant's guilty plea. Defendant's unpreserved constitutional and his IAC claims are dismissed. *It is so ordered*.

AFFIRMED IN PART, DISMISSED IN PART.

Chief Judge McGEE and Judge YOUNG concur.