GWENDOLYN PARKS SMITH v. LONNIE SMITH

No. 8126DC814

(Filed 20 April 1982)

Divorce and Alimony § 1— nonresident plaintiff—jurisdiction of court in county where defendant does not reside

Where plaintiff, a resident of the state of Virginia, filed an action for absolute divorce in the district court of Mecklenburg County, and defendant resided in Rowan County, the district court in Mecklenburg had jurisdiction to try the action since defendant made no appearance and made no motion to remove the case to Rowan County. G.S. § 7A-244; G.S. § 50-8.

APPEAL by plaintiff from *Lanning, Judge.* Judgment entered 29 June 1981 in District Court, MECKLENBURG County. Heard in the Court of Appeals on 31 March 1982.

*Ronald Williams for plaintiff appellant.*

*No counsel for defendant appellee.*

HEDRICK, Judge.

Plaintiff, a resident of the state of Virginia, filed this action for absolute divorce in the district court of Mecklenburg County against the defendant, a resident of Rowan County, North Carolina. Personal service was had on and accepted by the de-

fendant as provided by G.S. § 1A-1, Rule 4(j). The defendant made no appearance. The trial judge, *ex mero motu*, dismissed the "action" on the grounds that "the District Court of Mecklenburg County" lacked jurisdiction because the action was filed in Mecklenburg County by a nonresident plaintiff against a defendant who was a resident of Rowan County, North Carolina.

The district court of North Carolina "is, under the provisions of G.S. § 7A-244, a court of general jurisdiction *for the trial* of civil actions and proceedings for . . . divorce." *Austin v. Austin*, 12 N.C. App. 286, 293, 183 S.E. 2d 420, 426 (1971). G.S. § 50-3, which states that summons for divorce proceedings shall be returnable to the court of the county in which either plaintiff or defendant resides, and G.S. § 50-8, which states that a complainant who is a nonresident of this State shall bring any divorce action in the county of defendant's residence, are not jurisdictional, and relate only to venue. These statutory venue requirements may be waived. *See Smith v. Smith*, 226 N.C. 506, 39 S.E. 2d 391 (1946); *see also Denson v. Denson*, 255 N.C. 703, 122 S.E. 2d 507 (1961); *Nelms v. Nelms*, 250 N.C. 237, 108 S.E. 2d 529 (1959). If an action for divorce be instituted in a county in the State other than the county of proper venue, "the action may be tried therein, unless the defendant before the time of answering expires demands in writing that the trial be had in the proper county." *Smith v. Smith, supra* at 509, 39 S.E. 2d at 393-94.

In the present case, defendant made no appearance and obviously made no motion to remove the case to Rowan County; thus, venue was waived. The district court in Mecklenburg County had jurisdiction to try the action, and the order dismissing the action must be reversed and the cause remanded for further proceedings to the district court held in Mecklenburg County.

The cost of the appeal to this Court will be taxed against the plaintiff.

Reversed and remanded.

Chief Judge MORRIS and Judge VAUGHN concur.