**IN RE ESTATE OF HODGIN**

[133 N.C. App. 650 (1999)]

---

IN THE MATTER OF THE ESTATE OF FAY SHIELDS HODGIN

No. COA98-1152

(Filed 15 June 1999)

**Estate Administration— venue—motion to change—timeliness**

The trial court did not err by denying a motion to change the venue of an estate administration where the beneficiaries of the will waived venue in Guilford County and consented to venue in Craven County and caveators did not raise their objection to the will and motion to change, which raised the question of priority of venue, until over four months after the letters testamentary were issued. They are precluded from challenging venue by N.C.G.S. § 28A-3-5.

Appeal by caveators Ezra Clay Hodgin, III and Catherine Berry DeVane from an order entered 11 June 1998 by Judge James E. Ragan,

**IN RE ESTATE OF HODGIN**

[133 N.C. App. 650 (1999)]

III in Craven County Superior Court. Heard in the Court of Appeals 29 April 1999.

*Nelson Mullins Riley & Scarborough, L.L.P., by Amy Yager Jenkins, for caveators-appellants.*

*Harris, Shields, Creech and Ward, P.A., by C. David Creech and Mary V. Ringwalt, for propounder-appellee.*

WALKER, Judge.

Fay Shields Hodgin (decedent) died on 10 October 1997 in Guilford County, where she lived at the time of her death and for several years prior to her death. On 21 October 1997, Moses Lassiter, decedent's son-in-law and executor who resides in Craven County, sought to have decedent's will, dated 28 February 1997, admitted to probate in Craven County. Along with the application for probate and letters testamentary, Lassiter filed waivers of venue signed by the two named beneficiaries in the will, decedent's daughters, Mary Marshall Bruning of Statesville and Paula Memory Lassiter of New Bern (beneficiaries). The letters testamentary and certificate of probate were issued on 21 October 1997. On 4 March 1998, caveators Ezra Clay Hodgin, III and Catherine Berry DeVane (caveators) filed their objection to probate and a motion to change venue along with a supporting affidavit of Catherine Berry DeVane. The motion to change venue came on for hearing before the trial court on 8 June 1998. The trial court denied the motion to change venue both as a matter of right pursuant to N.C. Gen. Stat. § 28A-3-1 and discretionary change of venue pursuant to N.C. Gen. Stat. § 1-83.

Caveators contend that N.C. Gen. Stat. § 28A-3-1 mandates that venue is proper only in Guilford County where the decedent was domiciled and that the Craven County Clerk of Superior Court (Clerk), as *ex officio* judge of probate, lacked the jurisdiction to admit the will to probate.

The clerk of superior court in each county has exclusive original jurisdiction over the administration of estates. N.C. Gen. Stat. § 28A-2-1 (1984). Venue for the administration of estates is governed by N.C. Gen. Stat. § 28A-3-1 which states in part:

The venue for the probate of a will and for all proceedings relating to the administration of the estate of a decedent shall be:

(1) In the county in this State where the decedent had his domicile at the time of his death; or

(2) If the decedent had no domicile in this State at the time of death, then in any county wherein the decedent left any property or assets or into which any property or assets belonging to this estate may have come. If there be more than one such county, that county in which proceedings are first commenced shall have priority of venue . . . .

N.C. Gen. Stat. § 28A-3-1 (Cum. Supp. 1998). Venue is not jurisdictional but is only a ground for removal to another county. *Teer Co. v. Hitchcock Corp.*, 235 N.C. 741, 71 S.E.2d 54 (1952). Prior to 1973, when Chapter 28A of the General Statutes, Administration of Decedents' Estates, was enacted, jurisdiction by a clerk of superior court over a decedent's estate was proper only in the county where the decedent was domiciled and any actions taken in other counties were void. *In re Estate of Cullinan*, 259 N.C. 626, 131 S.E.2d 316 (1963); *In re Bane*, 247 N.C. 562, 101 S.E.2d 369 (1958). However, "[u]nlike the former law, the jurisdiction of the clerk is no longer limited by such considerations as where the decedent died, left property or was domiciled." *In re Estate of Adamee*, 291 N.C. 386, 397, 230 S.E.2d 541, 549 (1976) (*quoting* 1 Norman A. Wiggins, *Wills and the Administration of Estates in North Carolina* § 115 (1st ed. 1964 & Supp. 1976)). Thus, the jurisdiction of the Clerk is not at issue in this case. Rather, the issue is whether N.C. Gen. Stat. § 28A-3-1 requires venue to be transferred to Guilford County.

N.C. Gen. Stat. § 28A-3-1 provides that venue "shall" be in the county of domicile. N.C. Gen. Stat. § 28A-3-1 (Cum. Supp. 1998). However, N.C. Gen. Stat. § 28A-3-5, which is entitled "Waiver of venue," provides that unless questions of "priority of venue" are raised within three months after the issuance of letters testamentary, "the validity of the proceeding shall not be affected by any error in venue." N.C. Gen. Stat. § 28A-3-5 (1984). Venue, because it is not jurisdictional, is waivable by any party. *Teer Co.*, 235 N.C. at 744, 71 S.E.2d at 56. Venue is waived if objection thereto is not made in "apt time." *Collyer v. Bell*, 12 N.C. App. 653, 184 S.E.2d 414 (1971).

Here, the beneficiaries under the will of decedent waived venue for the administration of the estate in Guilford County and consented to venue in Craven County. Thus, venue was proper in Craven County where the will was probated. The caveators argue that "priority of venue" is only relevant if decedent had no domicile in this State at the

**TELESCA v. SAS INST., INC.**

[133 N.C. App. 653 (1999)]

time of death as N.C. Gen. Stat. § 28A-3-1(2) is the only other statute which utilizes the phrase "priority of venue." However, N.C. Gen. Stat. § 28A-3-5 is an entirely separate section which deals with priority of venue unrelated to N.C. Gen. Stat. § 28A-3-1(2), and the three-month limit is applicable during which objections to venue must be raised.

Caveators did not file their objection to the will and motion to change venue until 4 March 1998. This motion to change venue raised the question of priority of venue between the counties of Craven and Guilford. Because caveators' objection was not raised until over four months after the letters testamentary were issued, they are precluded from challenging venue by operation of N.C. Gen. Stat. § 28A-3-5.

For this reason, the order of the trial court is

Affirmed.

Judges WYNN and HUNTER concur.