NO. COA13-590

NORTH CAROLINA COURT OF APPEALS

Filed: 18 February 2014

STATE OF NORTH CAROLINA

    v.
                                  Buncombe County
                                   No. 02 CRS 62338

WILLIAM ROSCOE MILLS, JR.


Appeal by defendant from order entered 22 January 2013 by Judge Mark E. Powell in Buncombe County Superior Court. Heard in the Court of Appeals 20 November 2013.

> *Attorney General Roy Cooper, by Special Deputy Attorney General Joseph Finarelli, for the State.*
>
> *Jon W. Myers for defendant.*


HUNTER, Robert C., Judge.

Defendant William Mills, Jr. appeals the order entered 22 January 2013 requiring him to enroll in Satellite-Based Monitoring ("SBM") for the remainder of his life. On appeal, defendant argues that the trial court's order must be vacated because: (1) the trial court erred in finding that defendant was given proper notice of the basis for which the Department of Correction believed him eligible for SBM and that defendant was given notice of the date of the scheduled SBM hearing; (2) the trial court lacked subject

matter jurisdiction to hold the SBM hearing; (3) the trial court erred in concluding defendant had adequate and proper notice of the SBM hearing in violation of his due process rights; and (4) the SBM statutes violate the prohibition against *ex post facto* laws and double jeopardy as applied. After careful review, we affirm the trial court's order.

## Background

On 2 June 2003, defendant pled guilty to one count of second degree rape and three counts of second degree sex offense in exchange for the consolidation of the offenses for sentencing, a sentence in the presumptive range, and an agreement by the State to not prosecute defendant for any additional charges involving other victims. The trial court sentenced him to a minimum term of 73 months to a maximum term of 97 months imprisonment.

After defendant served his sentence, the trial court conducted a bring-back hearing to determine defendant's eligibility for enrollment in an SBM program. The State's petition requesting the hearing is not included in the record on appeal. Prior to the hearing, defendant's counsel filed a motion to dismiss the petition, arguing that: (1) retroactive application of the SBM program violates the *ex post facto* provision of the United States and North Carolina Constitutions; (2) ordering defendant to enroll

in an SBM program violates the double jeopardy clause; (3) the SBM hearing violates defendant's right to a jury trial and due process by increasing his punishment for prior offenses without submitting the issue to a jury; and (4) the SBM program interferes with defendant's right to travel and the right to be free from warrantless searches.

The matter came on for hearing on 22 January 2013 before Judge Mark E. Powell in Buncombe County Superior Court. The trial court marked the following findings on a preprinted, standard form: (1) defendant was convicted of a reportable offense but the sentencing court made no determination of whether defendant should be required to enroll in SBM; (2) the Department of Correction (the "DOC") determined that defendant fell into at least one of the categories requiring SBM pursuant to N.C. Gen. Stat. § 14-208.40 and gave notice to defendant of this category; (3) the District Attorney scheduled a hearing in the county of defendant's residence and the DOC provided notice to defendant required under 14-208.40B, and the hearing was not held sooner than 15 days after that notice; and (4) the offense defendant was convicted of was an aggravated offense. Based on these findings, the trial court ordered defendant enroll in SBM for the remainder of his natural life.

Additionally, the trial court denied defendant's motion to dismiss the petition.   Defendant timely appealed.

**Arguments**

Defendant first argues that there was no evidence presented at the determination hearing establishing that defendant had been provided adequate notice of the basis for which the DOC believed him eligible for SBM or that defendant had been served the notice of the hearing in compliance with N.C. Gen. Stat. § 14-208.40B(b). Specifically, defendant contends that none of the findings marked on the standard preprinted form were supported by competent evidence at the hearing.  Based on the record, we conclude that defendant has waived his right to raise this issue on appeal because he failed to object to these findings at the SBM hearing.

Initially, we note that our Supreme Court has classified an SBM hearing as a civil regulatory proceeding. *State v. Bowditch*, 364 N.C. 335, 352, 700 S.E.2d 1, 13 (2010); *State v. Arrington*, __ N.C. App. __, __, 741 S.E.2d 453, 457 (2013).  For SBM enrollment, "the trial court is statutorily required to make findings of fact to support its legal conclusions." *State v. Morrow*, 200 N.C. App. 123, 126, 683 S.E.2d 754, 757 (2009), *aff'd*, 364 N.C. 424, 700 S.E.2d 224 (2010).  On appeal, this Court "review[s] the trial court's findings of fact to determine whether they are supported

by competent record evidence[.]" *State v. Kilby*, 198 N.C. App. 363, 367, 679 S.E.2d 430, 432 (2009).

Pursuant to N.C. Gen. Stat. § 14-208.40B(b),

> [i]f the [DOC] determines that the offender falls into one of the categories described in [N.C. Gen. Stat. §] 14-208.40(a), the district attorney, representing the [DOC], shall schedule a hearing in superior court for the county in which the offender resides. The [DOC] shall notify the offender of the [DOC's] determination and the date of the scheduled hearing by certified mail sent to the address provided by the offender pursuant to G.S. 14-208.7. The hearing shall be scheduled no sooner than 15 days from the date the notification is mailed. Receipt of notification shall be presumed to be the date indicated by the certified mail receipt. Upon the court's determination that the offender is indigent and entitled to counsel, the court shall assign counsel to represent the offender at the hearing pursuant to rules adopted by the Office of Indigent Defense Services.

Moreover, this Court has concluded that "N.C. Gen. Stat. § 14-208.40B(b)'s requirement that the [DOC] 'notify the offender of [its] determination' mandates that the [DOC], in its notice, specify the category set out in N.C. Gen. Stat. § 14-208.40(a) into which the [DOC] has determined the offender falls and briefly state the factual basis for that conclusion." *State v. Stines*, 200 N.C. App. 193, 204, 683 S.E.2d 411, 418 (2009).

At the hearing, both defendant and his counsel were present. The following colloquy took place:

THE COURT:  I want to state for the record that—I'll just go down through the form.  And I'm reading this out loud so I don't make a mistake when I go through it.  The defendant was convicted of a reportable conviction, but no determination was made back in 2002.  Check number 2.  I think I should, but——

[THE STATE]:  Yes, I believe you would, Your Honor.

THE COURT:  Sir, do you wish to say anything about that?  Counsel, do you wish to respond to me checking number 2 or not?

[DEFENSE COUNSEL]:  No, sir.

THE COURT:  I'm just not as familiar with this form.  I've checked number 2 and 3 on the form.  As to number 4, the defendant falls into at least one of the categories requiring satellite-based monitoring in that the offense of which the defendant was convicted was an aggravated offense.  Based on the foregoing, the defendant is subject to satellite-based monitoring for the remainder of his natural life.  Counsel, anything else?

[THE STATE]:  No, Your Honor.

As defendant correctly notes, there was no evidence presented at the hearing establishing that defendant received proper notice, by certified mail, of the hearing or that defendant received notice of the basis upon which the State believed him eligible for SBM. However, the record is clear that defendant failed to object at the hearing when the trial court was reviewing the findings of fact on the preprinted form.  The trial court even invited

defendant to argue or challenge them by asking defendant's counsel whether he wanted to "say anything about that." However, defense counsel declined to do so. Furthermore, neither the petition nor the notice of the SBM hearing were included in the record on appeal even though defendant's motion to dismiss referenced the petition. "It is well settled that a silent record supports a presumption that the proceedings below are free from error, and it is the duty of the appellant to see that the record is properly made up and transmitted to the appellate court." *State v. Perry*, 316 N.C. 87, 107, 340 S.E.2d 450, 462 (1986). Finally, we find it pertinent that defendant made a motion to dismiss the State's petition for SBM but included no argument that he was not afforded proper notice of the hearing nor did he argue that he received no notice of the category in which he fell that made him eligible for SBM. Consequently, defendant has waived any objection to these findings on appeal.

Next, defendant argues that the trial court lacked subject matter jurisdiction to conduct defendant's SBM hearing because there was no competent evidence presented at the hearing that defendant resided in Buncombe County. Because N.C. Gen. Stat. § 14-208.40B(b)'s requirement that an SBM hearing be brought in the county in which the offender resides addresses venue, not subject

matter jurisdiction, defendant's failure to object at the hearing waives this argument on appeal.

N.C. Gen. Stat. § 14-208.40B(b) requires that SBM petition hearings be held "in superior court for the county in which the offender resides." Defendant argues that although he did not object at the hearing that it was not being held in the county in which he resided, this issue may be raised for the first time on appeal since it addresses subject matter jurisdiction. Defendant's argument relies on his contention that only the superior court in the county in which he resides has subject matter jurisdiction over the hearing. However, defendant confuses the concepts of subject matter jurisdiction and venue. "Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it." *In re McKinney*, 158 N.C. App. 441, 443, 581 S.E.2d 793, 795 (2003) (quoting *Haker-Volkening v. Haker*, 143 N.C. App. 688, 693, 547 S.E.2d 127, 130 (2001)). "The question of subject matter jurisdiction may be raised at any time, even in the Supreme Court." *Lemmerman v. A.T. Williams Oil Co.*, 318 N.C. 577, 580, 350 S.E.2d 83, 85-86 (1986) (citation omitted). In contrast, "[v]enue means the place wherein the cause is to be tried" and "is not jurisdictional." *Jones v. Brinson*, 238 N.C. 506, 509, 78 S.E.2d

334, 337 (1953). A defendant who does not challenge venue at the trial level fails to preserve the issue for appellate review. *See generally*, *State v. Walters*, 357 N.C. 68, 78, 588 S.E.2d 344, 350 (2003); *In re Estate of Hodgin*, 133 N.C. App. 650, 652, 516 S.E.2d 174, 175 (1999). Thus, subject matter jurisdiction and venue are two distinct concepts, each with its own rules regarding the ability of a party to challenge it for the first time on appeal.

Pursuant to N.C. Gen. Stat. § 14-208.40B(b), while the superior court has subject matter jurisdiction over SBM hearings, the requirement that the hearing be held in the superior court in the county in which the offender resides relates to venue. As noted, SBM hearings are civil in nature, *Bowditch*, 364 N.C. at 352, 700 S.E.2d at 13, and our Courts have recognized the distinction between subject matter jurisdiction and venue in other common civil proceedings, s*ee generally, Smith v. Smith*, 56 N.C. App. 812, 813, 290 S.E.2d 390, 391 (1982) (noting that, while the district court has subject matter jurisdiction over divorce actions, "G.S. § 50-3, which states that summons for divorce proceedings shall be returnable to the court of the county in which either plaintiff or defendant resides, and G.S. § 50-8, which states that a complainant who is a nonresident of this State shall bring any divorce action in the county of defendant's residence,

are not jurisdictional, and relate only to venue."); *In re Estate of Hodgin*, 133 N.C. App. at 651, 516 S.E.2d at 175 (concluding that although "the clerk of superior court in each county has exclusive original jurisdiction over the administration of estates[,]" venue is based on the county in which the decedent was domiciled at the time of his death or in the county in which the decedent left property and assets if he is not a resident of the State).

While N.C. Gen. Stat. § 14-208.40B(b) confers subject matter jurisdiction to the superior court, it also sets out the method for determining the proper venue. Defendant is mistakenly characterizing his venue challenge as a challenge to the trial court's subject matter jurisdiction in order to preserve his right to raise this issue for the first time on appeal. However, venue "is waivable by any party . . . if objection thereto is not made 'in apt time.'" *In re Estate of Hodgin*, 133 N.C. App. at 652, 516 S.E.2d at 175. Accordingly, since defendant failed to challenge the venue of his SBM hearing either in his motion to dismiss or in arguments at the hearing, he has waived this issue on appeal.

Next, defendant argues that the trial court erred by ordering him to enroll in SBM when he did not receive adequate and proper notice of the date of the SBM hearing as required by law in

violation of the Fourteenth Amendment of the United States Constitution and Article 1, section 19 of the North Carolina Constitution. We conclude that defendant has waived his right to raise this constitutional challenge on appeal.

Our appellate courts will only review constitutional questions raised and passed upon at trial. N.C. R. App. P. 10(b)(1) (2012); *State v. Hunter*, 305 N.C. 106, 112, 286 S.E.2d 535, 539 (1982); *State v. Wilkerson*, 363 N.C. 382, 420, 683 S.E.2d 174, 198 (2009). Here, in his motion to dismiss the State's petition, defendant puts forth no argument that his constitutional protection of due process was violated by the State's failure to provide him proper notice of the hearing as specified in N.C. Gen. Stat. § 14-208.40B(b). Furthermore, defendant did not raise any issue related to notice at the SBM hearing. Therefore, defendant has failed to preserve this constitutional issue for appeal.

Finally, defendant also argues that SBM violates the *ex post facto* and double jeopardy prohibitions of the United States and North Carolina Constitutions. Defendant acknowledges that the North Carolina Supreme Court has previously held that the SBM program is a civil regulatory scheme that does not implicate constitutional protections against either *ex post facto* laws or double jeopardy, *Bowditch*, 364 N.C. 335, 700 S.E.2d 1, but raises

this issue for "preservation purposes." As we are bound by the decisions of our Supreme Court, *Dunn v. Pate*, 334 N.C. 115, 118, 431 S.E.2d 178, 180 (1993), defendant's argument is overruled.

## Conclusion

Because defendant failed to object at trial to the trial court's finding that he was afforded proper notice of the hearing and of the category into which he fell that made him eligible for SBM, defendant has waived this issue on appeal. Since defendant failed to challenge the venue of the hearing at the trial level, he waived his right to raise it for the first time on appeal. We will not address defendant's contention that his due process rights were violated when the State did not follow the proper statutory requirements of notice because he did not raise this issue before the trial court either at the SBM hearing or in his motion to dismiss. Finally, defendant's argument that the imposition of SBM violates the prohibition against *ex post facto* laws and double jeopardy is overruled based on *Bowditch*.

AFFIRMED.

Judges CALABRIA and HUNTER, JR., ROBERT N. concur.