An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-450

NORTH CAROLINA COURT OF APPEALS

Filed:  21 October 2014

STATE OF NORTH CAROLINA

v.

ANTHONY SCOTT

Vance County
No. 13 CRS 1308

Appeal by defendant from order entered 12 December 2013 by Judge Robert H. Hobgood in Vance County Superior Court.  Heard in the Court of Appeals 22 September 2014.

> *Attorney General Roy Cooper, by Special Deputy Attorney General Joseph Finarelli, for the State.*
>
> *Kevin P. Bradley for defendant-appellant.*

McCULLOUGH, Judge.

On 28 February 2008, Anthony Scott ("defendant") pled guilty to second-degree rape and was sentenced to a term of seventy to ninety-three months imprisonment.  On 12 December 2013, the trial court entered an order requiring that defendant be enrolled in the satellite-based monitoring ("SBM") program for the remainder of his natural life.  Defendant appeals.

Defendant argues that the classification of second-degree rape as an "aggravated offense" *per se* requiring SBM violated

his constitutional rights to due process and equal protection. However, "[o]ur appellate courts will only review constitutional questions raised and passed upon at trial." *State v. Mills*, __ N.C. App. __, __, 754 S.E.2d 674, 678 (2014) (citations omitted). Defendant did not raise any issue related to due process or equal protection at the SBM hearing. Consequently, defendant has failed to preserve these constitutional issues for appeal.

Defendant contends that this Court should nevertheless review his constitutional issues because his appointed counsel was ineffective for failing to raise any objections to the SBM order. We are not persuaded. This Court has stated that "a claim for ineffective assistance of counsel is available only in criminal matters, and . . . SBM is not a criminal punishment." *State v. Wagoner*, 199 N.C. App. 321, 332, 683 S.E.2d 391, 400 (2009), *aff'd per curiam*, 364 N.C. 422, 700 S.E.2d 222 (2010). Therefore, defendant is not permitted to raise a claim of ineffective assistance of counsel concerning his representation at the SBM hearing. Accordingly, we affirm the trial court's order.

Affirmed.

Judges CALABRIA and GEER concur.

Report per Rule 30(e).