DAVIS, Judge.
Gary Franklin Simmons ("Defendant") appeals from his convictions for two counts of statutory rape. On appeal, Defendant argues that (1) he received ineffective assistance of counsel; and (2) the trial court erred by failing to conduct a hearing regarding the reasonableness of imposing lifetime satellite-based monitoring ("SBM"). After careful review, we dismiss Defendant's ineffective assistance of counsel claim without prejudice, vacate the trial court's SBM order, and remand for a new SBM hearing.
Factual and Procedural Background
The State presented evidence at trial tending to establish the following facts: "Mary,"[1] who was 15 years old at the time, spent the night of 12 April 2014 at the home of her friend "Tracy." Tracy lived with her mother and Defendant, who was her mother's boyfriend. Defendant's son "Nick" was also at the residence when Mary spent the night. Sometime after dinner, Defendant and Tracy's mother went to the store and returned with three cans of "Four Lokos," which was "a very strong alcoholic beverage" that also contained caffeine. One can each was given to Mary, Tracy, and Nick. Mary testified that she drank nearly her entire can and began to feel drunk.
At some point in the evening, Mary and Nick began kissing; Tracy later joined in and all three kissed. Eventually, Tracy's mother told Mary and Tracy that they were "too drunk" and that they needed to stop drinking and go to bed. Tracy's mother sent Mary and Tracy to Tracy's bedroom and Nick to the living room. Shortly thereafter, Nick entered the girls' room and climbed into bed between them and resumed kissing. Tracy's mother, however, caught Nick in bed with Mary and Tracy and made him leave the room.
Sometime during the night, Mary left the bedroom to use the bathroom and saw Nick standing in the hallway with his pants unzipped. Nick put his arm around Mary and helped her walk to the living room. After Nick helped Mary undress, they laid down on a futon and had sexual intercourse. While they were doing so, Defendant entered the room. Nick asked Mary if she "wanted to have sex with [Defendant]." Mary told him no, but Defendant got onto the futon and began having sexual intercourse with her. Defendant asked Mary if she "liked it," and she told him no "around six times." Eventually, Defendant left the room, and she and Nick resumed engaging in sexual intercourse. Defendant later came back into the room and again had sexual intercourse with Mary. Afterwards, Mary returned to Tracy's room and slept.
On 17 November 2014, Defendant was indicted on two counts of statutory rape. A jury trial was held before the Honorable Linwood O. Foust in Gaston County Superior Court beginning on 12 November 2015. The jury found Defendant guilty of both counts, and the trial court sentenced him to two concurrent terms of 317 to 441 months imprisonment. The trial court also ordered that Defendant enroll in SBM for the rest of his natural life. On 17 December 2015, Defendant filed a written notice of appeal from the judgments.
Analysis
I. Ineffective Assistance of Counsel
Defendant first argues that he was denied effective assistance of counsel because of certain statements made by his trial counsel during opening statements. In order to prevail on an ineffective assistance of counsel claim, "a defendant must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense." State v. Phillips , 365 N.C. 103, 118, 711 S.E.2d 122, 135 (2011) (citation and quotation marks omitted), cert. denied , 565 U.S. 1204, 182 L.Ed. 2d 176 (2012).
Deficient performance may be established by showing that counsel's representation fell below an objective standard of reasonableness. Generally, to establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
State v. Allen , 360 N.C. 297, 316, 626 S.E.2d 271, 286 (internal citations and quotation marks omitted), cert. denied , 549 U.S. 867, 166 L.Ed. 2d 116 (2006).
"In general, claims of ineffective assistance of counsel should be considered through motions for appropriate relief and not on direct appeal." State v. Stroud , 147 N.C. App. 549, 553, 557 S.E.2d 544, 547 (2001), cert. denied , 356 N.C. 623, 575 S.E.2d 758 (2002). This is so because on direct appeal, review is limited to the cold record, and the court is "without the benefit of information provided by defendant to trial counsel, as well as defendant's thoughts, concerns, and demeanor that could be provided in a full evidentiary hearing on a motion for appropriate relief." Id . at 554-55, 557 S.E.2d at 547 (internal citation and quotation marks omitted). Only when "the cold record reveals that no further investigation is required, i.e., claims that may be developed and argued without such ancillary procedures as the appointment of investigators or an evidentiary hearing" should an ineffective assistance of counsel claim be decided on the merits on direct appeal. State v. Thompson , 359 N.C. 77, 122-23, 604 S.E.2d 850, 881 (2004) (citation and quotation marks omitted), cert. denied , 546 U.S. 830, 163 L.Ed. 2d 80 (2005).
During his opening statement, Defendant's counsel stated, in pertinent part, as follows:
The State will have no objective evidence. There is going to be some testimony you will hear, I think [Mary] will probably testify that she saw [Defendant] ejaculate on the floor, [on] the carpet or the floor of the house there. She is going to say that. The State did nothing about collecting DNA. The reason I mention that is because [the assistant district attorney] says he alleges that my client says, looked at his son and said there is no DNA, no DNA. [Mary] saw potential DNA. [Mary] saw it. [Mary] said she saw DNA. So the State had the opportunity to come back to that house and say let's search this area and see if we can find evidence, objective evidence, of [Defendant's] DNA in the room where [Mary] is.
When Mary testified, however, she stated that she did not see Defendant ejaculate. Then, during the State's closing argument, the prosecutor argued as follows:
Now, I assume from listening to ... the opening statement of the defense that they will argue, well, the police didn't collect any DNA and you were told in opening statement by defense counsel that [Mary] was going to testify that she saw DNA. That's what was said in the opening statement. [Mary] was actually asked that question on the stand. And what did she say? No. That didn't happen. I didn't see that.... And the defense even said, well, she was going to say that, and that the DNA would be on the carpet on the floor in the living room. That's interesting. There is no carpet. Why did they do that?
Defendant contends on appeal that nowhere in Mary's pre-trial statements to law enforcement did she say that he ejaculated on the floor. Defendant thus asserts that "a key portion of defense counsel's opening statement was based on nothing more than defense counsel's imagination run wild." Defendant argues that this case hinged on credibility and that his counsel made key assertions that were not borne out by the evidence. Defendant contends that, as a result, his attorney came across as less credible to the jury and that his "broken promise" affected the outcome of this case.
However, we do not believe that the cold record before us enables us to adjudicate this ineffective assistance of counsel claim, as further development of the record is required to determine the basis for counsel's statements and trial strategy. Accordingly, we dismiss this claim without prejudice to Defendant's right to reassert it in a motion for appropriate relief. See State v. Fair , 354 N.C. 131, 167, 557 S.E.2d 500, 525 (2001) (holding that when appellate court determines that ineffective assistance of counsel claim has been prematurely asserted on direct appeal, dismissal of that claim is appropriate without prejudice to defendant's right to reassert it during subsequent motion for appropriate relief in trial court), cert. denied , 535 U.S. 1114, 153 L.Ed. 2d 162 (2002).
II. SBM Order
Defendant next argues that the trial court erred by ordering him to enroll in SBM for the remainder of his natural life without first holding a reasonableness hearing as required by Grady v. North Carolina , ---U.S. ----, 135 S. Ct. 1368, 191 L.Ed. 2d 459 (2015). As an initial matter, we must determine whether we have jurisdiction over Defendant's appeal on this issue. As SBM orders are civil in nature, State v. Bowditch , 364 N.C. 335, 352, 700 S.E.2d 1, 13 (2010), written notice of appeal is required under Rule 3(a) of the North Carolina Rules of Appellate Procedure. See N.C. R. App. P. 3(a). Among the requirements of Rule 3 are that the appellant "designate the judgment or order from which appeal is taken[.]" Here, although Defendant filed a timely written notice of appeal of his underlying convictions, he did not file written notice of appeal from the separate SBM order. Accordingly, Defendant's notice of appeal did not comply with Rule 3.
However, Defendant has also filed a petition for writ of certiorari seeking review of the SBM order. Pursuant to Appellate Rule 21, this Court may, in its discretion, grant a petition for writ of certiorari and review an order or judgment entered by the trial court "when the right to prosecute an appeal has been lost by failure to take timely action[.]" N.C. R. App. P. 21(a)(1). In our discretion, we elect to grant Defendant's petition for writ of certiorari and reach the merits of this issue.
In Grady , the United States Supreme Court held that our State's SBM program "effects a Fourth Amendment search" and that the constitutionality of an SBM order depends upon the reasonableness of the search. Grady , --- U.S. at ----, 135 S. Ct. at 1371, 191 L.Ed. 2d at 462. The Supreme Court thus concluded that, prior to imposing SBM, a defendant is entitled to a "reasonableness" hearing. Id.
However, the State notes that Defendant did not raise this issue below. Ordinarily, this would mean that Defendant has waived appellate review pursuant to Appellate Rule 10. See N.C. R. App. P. 10(a)(1) (providing that, unless preserved by law, "[i]n order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context."); State v. Mills , 232 N.C. App. 460, 466, 754 S.E.2d 674, 678 ("Our appellate courts will only review constitutional questions raised and passed upon at trial."), disc. review denied , 367 N.C. 517, 762 S.E.2d 210 (2014).
We believe, however, that the circumstances of the present case warrant our invocation of Appellate Rule 2, which allows this Court to suspend the Appellate Rules when it is necessary "[t]o prevent manifest injustice to a party, or to expedite decision in the public interest." N.C. R. App. P. 2.
Here, the SBM hearing occurred before we issued our decision in State v. Blue , --- N.C. App. ----, 783 S.E.2d 524 (2016), in which we held that in conducting an SBM hearing, a trial court is required to "analyze the totality of the circumstances, including the nature and purpose of the search and the extent to which the search intrudes upon reasonable privacy expectations." Id. at ----, 783 S.E.2d at 527 (citation and quotation marks omitted). In Blue , we concluded that it was insufficient for the trial court to merely reference Grady and then "summarily conclude[ ]" that the period of SBM enrollment was reasonable. Id. at ----, 783 S.E.2d at 527.
In the present case, the trial court did not conduct any inquiry on the record as to the reasonableness of the period of SBM enrollment ordered. Therefore, we reverse the trial court's SBM order and remand for a reasonableness hearing as required by Grady . Because Defendant has not raised any issues regarding his underlying criminal convictions other than his ineffective assistance of counsel claim and does not challenge his sentence, we accordingly find no error in those unchallenged aspects of his case.
Conclusion
For the reasons stated above, we (1) dismiss Defendant's ineffective assistance of counsel claim without prejudice; and (2) vacate the trial court's SBM order and remand for further proceedings not inconsistent with this opinion.
NO ERROR IN PART; DISMISSED IN PART; VACATED AND REMANDED IN PART.
Report per Rule 30(e).
Judges BRYANT and ZACHARY concur.

Pseudonyms are used throughout this opinion to protect the identity of the juveniles and for ease of reading.